UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| DENNIS G. LOHMANN, individually and as beneficiary of the ESTATE OF ANNE P. LOHMANN, deceased, )<br>)<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ALLMERICA FINANCIAL LIFE )<br>INSURANCE AND ANNUITY COMPANY )<br>and JJB HILLIARD, WL LYONS, INC., )<br>)<br>Defendant. ) | No.: 3:05-CV-199<br>(VARLAN/SHIRLEY) |

## MEMORANDUM OPINION

This civil action is before the Court for consideration of defendant Allmerica's motion to dismiss [Doc. 7], in which it contends that all plaintiff's claims are time-barred and he has not properly pleaded the elements of breach of fiduciary duty. Plaintiff responds in opposition to the motion by arguing that his claims are not time-barred. [Doc. 11]. The Court has carefully considered defendant's motion and the entire record in light of the applicable law. For the reasons discussed herein, defendant Allmerica's motion will be denied.

**I.  Standard of Review**

A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) should not be granted "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). All well-pleaded allegations must be taken as true and be construed most favorably toward the non-movant. *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855

(6th Cir. 2003). While a court may not grant a Rule 12(b)(6) motion based on disbelief of a complaint's factual allegations, *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990), the court "need not accept as true legal conclusions or unwarranted factual inferences." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). Consequently, a complaint will not be dismissed pursuant to Rule 12(b)(6) unless there is no law to support the claims made, the facts alleged are insufficient to state a claim, or there is an insurmountable bar on the face of the complaint.

Ordinarily, if a court considered "matters outside the pleading" in resolving a Rule 12(b)(6) motion, the motion is converted to one for summary judgment under Rule 56. *See* Fed. R. Civ. P. 12(b). As a result, the burden is placed on the movant to demonstrate that there is no genuine issue of disputed material fact. *See* Fed. R. Civ. P. 56(c). There are exceptions to this general rule, however. Documents attached to a motion to dismiss are considered part of the pleadings if they are: (1) central to plaintiff's claim; and (2) referred to in plaintiff's complaint. *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997).

In this case, however, plaintiff's response to the motion includes an affidavit [Doc. 11 at 5-6] that sets forth facts related to the accrual of plaintiff's claim. Because this information must be considered to adequately address defendant's motion, the Court will consider plaintiff's affidavit. As a result, the motion to dismiss will be treated as a motion for summary judgment pursuant to Fed. R. Civ. P. 56.

Under Rule 56(c), summary judgment is proper if the record, taken as a whole, shows that "there is no genuine issue of material fact and that the moving party is entitled to

judgment as a matter of law." Fed. R. Civ. P. 56(c).  The burden of establishing that there is no genuine issue of material fact lies upon the moving party.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 330 n.2 (1986).  The Court must view the facts and all inferences to be drawn therefrom in the light most favorable to the non-moving party.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Burchett v. Kiefer*, 310 F.3d 937, 942 (6th Cir. 2002).  To establish a genuine issue as to the existence of a particular element, the non-moving party must point to evidence in the record upon which a reasonable jury could find in its favor.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The genuine issue must also be material; that is, it must involve facts that might affect the outcome of the suit under the governing law.  *See id.*

The judge's function in considering a motion for summary judgment is limited to determining whether sufficient evidence has been presented to make the issue of fact a proper jury question, and not to weigh the evidence, judge the credibility of witnesses, and determine the truth of the matter.  *See id.* at 249.  Thus, "[t]he inquiry performed is the threshold inquiry of determining whether there is the need for trial – whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *See id.* at 250.

## II. Relevant Facts

On or about November 17, 1997, Anne P. Lohmann, plaintiff's mother, applied for two Allmerica Select Variable Annuities through defendant. [Doc. 1-2. at 2].  Plaintiff and plaintiff's brother each were listed as one-half beneficiaries. [*Id.*].

3

On March 1, 1998, plaintiff alleges defendant Hilliard Lyons transmitted to defendant Allmerica three Designation of Beneficiary and Election of Annuity Option forms that defendant Allmerica accepted. [*Id.* at 2-3]. These forms designated plaintiff's brother as the sole beneficiary of Mrs. Lohmann's annuities. [*Id.* at 3]. Plaintiff alleges that the forms contained forged signatures. [*Id.*].

Mrs. Lohmann passed away on April 10, 1998. [*Id.* at 1]. At the time of her death, the annuities were worth $203,666.12. [*Id.* at 3]. On March 13, 2000, days before Mrs. Lohmann's estate was supposed to close, plaintiff learned that the beneficiary had been changed. [*Id.*]. Plaintiff alleges he did not learn of the change in beneficiary earlier because defendant Hilliard Lyons's kept the change of beneficiary hidden from plaintiff. [*Id.*]. Plaintiff states by affidavit that he was not permitted to inspect the change of beneficiary documents until December 18, 2002. [Doc. 11 at 5].

On July 23, 2004, plaintiff filed a civil action in Knox County Chancery Court. [*See* Doc. 1]. Defendants removed the action to this Court based on diversity of citizenship on April 14, 2005. [*Id.*]. Plaintiff alleges defendants are liable for negligence, fraud, breach of contract, and breach of fiduciary duty. [Doc. 1-2 at 3-5]. These claims generally arise from plaintiff's allegation that defendants were aware, or reasonably should have been aware, of the forged forms, but accepted them anyway. [*Id.*].

Defendant Allmerica filed the instant motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) arguing that plaintiff's claims are barred by Tennessee's statutes of limitation for

4

property torts. Defendant Allmerica further argues that plaintiff failed to plead the necessary elements for breach of fiduciary duty. The Court will consider both arguments in turn.

## III. Discussion

### A. Statute of Limitations

Because plaintiff's claims arise under Tennessee law, the Court must look to Tennessee's relevant statutes of limitation. In Tennessee, plaintiff's negligence, fraud, and breach of fiduciary duty claims are subject to the three-year statute of limitation for property torts. *See* Tenn. Code Ann. § 28-3-105 (2005). Plaintiff's breach of contract claim is subject to Tennessee's six-year statute of limitation for breaches of contract. *See* § 28-3-109. The limitation periods begin to run when plaintiff's claim accrues. *See* §§ 28-3-105, 28-3-109.

When a claim for relief is before the Court pursuant to diversity jurisdiction, as is the case here, the Court must look to state law to determine when that claim accrues. *Bowden v. City of Franklin*, 13 Fed. Appx. 266, 274 (6th Cir. 2001) (unpublished *per curiam* op.). In Tennessee, property torts are subject to the discovery rule. *Damron v. Media General, Inc.*, 3 S.W.3d 510, 512 (Tenn. Ct. App. 1999). According to the discovery rule, the limitation period does not begin to run until plaintiff discovers, or in exercise of reasonable care and diligence, should have discovered, his injury and cause thereof. *City State Bank v. Dean Witter Reynolds, Inc.*, 948 S.W.2d 729, 735 (Tenn. Ct. App. 1996) (citation omitted). Stated differently, the limitation period is tolled only during that period of time when plaintiff had no actual knowledge of the alleged wrong and, as a reasonable person, was not placed on inquiry notice. *Id*.

5

To determine when the limitation period begins to run under the discovery rule requires a determination as to when the plaintiff had sufficient knowledge that he had sustained an injury. *See McIntosh v. Blanton*, 164 S.W.3d 584, 586 (Tenn. Ct. App. 2004). This inquiry does not require that the plaintiff had knowledge that a breach of the appropriate legal standard had occurred. *Id*. Instead, the limitation period begins to run when the plaintiff is aware of facts sufficient to put a reasonable person on notice that he has suffered an injury as a result of wrongful conduct, and the plaintiff knows the identity of the person who engaged in the conduct. *See id.*

In the instant motion, defendant Allmerica argues that the three-year statute of limitation for property torts should be applied to plaintiff's breach of contract claim because "it is clear from the gravamen of plaintiff's complaint that his causes of action do not arise from a breach of contract, but rather from injuries he sustained as the result of a tort." [Doc. 8 at 4]. The Court rejects this argument. While it is true that some of plaintiff's claims arise from "injuries he sustained as the result of a tort," that is not necessarily true of plaintiff's breach of contract claim. As count three of the complaint clearly alleges, "Defendants are in default of the terms of the Annuities." [Doc. 1-2 at 5]. The gravamen of this claim is that defendants "are in default of the terms" of the contract between defendants and Mrs. Lohmann. Thus, the six-year statute of limitation for breaches of contract applies to plaintiff's breach of contract claim.

Defendant contends that all plaintiff's claims are time-barred because the claims accrued at the time of Mrs. Lohmann's death, on April 10, 1998. Plaintiff responds his claim

6

did not accrue until either December 13, 2002, when he alleges defendant provided him copies of the change of beneficiary forms, or May 9, 2003, when plaintiff alleges his handwriting expert concluded Mrs. Lohmann's signature was forged. [*See* Doc. 12 at 1-2].

Plaintiff cites fraudulent concealment as his legal basis for the later possible dates. Fraudulent concealment is a well-established exception to the operation of statutes of limitation and repose in Tennessee. *See* Justin N. Loy, Comment, *Civil Procedure–Pero's Steak & Spaghetti House v. Lee: Tennessee Declines to Extend the Discovery Rule to Claims of Converted Negotiable Instruments*, 34 U. Mem. L. Rev. 475, 482 (2004). Ordinarily, however, fraudulent concealment, which imposes a higher burden than the discovery rule, operates where the cause of action would be time-barred *but for* the fraudulent concealment. *See, e.g., Shults v. Champion Int'l Corp.*, 821 F.Supp. 517, 518 (E.D. Tenn. 1992) ("While the Court recognizes that fraudulent concealment tolls a statute of limitations, this is not a case where the plaintiffs' claim would be time-barred but for the defendant's fraud."). In the present case, operation of the discovery rule, an alternative exception to the statutes of limitation, may toll the statute of limitations. Thus, fraudulent concealment is not applicable as an exception to the statute of limitations in this case.

Instead, the issue raised by the instant motion is at what date plaintiff should reasonably have been aware of the alleged injuries and wrongful conduct giving rise to those injuries. More precisely, in light of the procedural posture of the instant motion, the question is whether there is any genuine issue of disputed material fact that plaintiff was reasonably

7

unaware of his injuries and their wrongful origin until a time that is within the time provided by the applicable statutes of limitation.

With respect to plaintiff's negligence, fraud, and breach of fiduciary duty claims, the alleged injury is that he was denied one-half of the proceeds of the annuities because of the forged change of beneficiary forms. [*See* Doc. 1-2]. This injury could not have occurred prior to April 10, 1998, when plaintiff's mother passed away because plaintiff did not have a vested interest in the annuities. *See Bell v. Bell*, 896 S.W.2d 559, 562 (Tenn. Ct. App. 1994). Plaintiff's injury could not arise until the time those rights vested. *See Bell*, 896 S.W.2d at 562. Assuming plaintiff suffered the injury he claims he suffered, it could not have been suffered prior to Mrs. Lohmann's death, because no rights in any beneficiary vested until that time.

Plaintiff alleges that the fact that the beneficiary had been changed was "kept hidden" by defendants until March 13, 2000, just before Mrs. Lohmann's estate closed. [Doc. 1-2 at 3]. Thus, the injury was discovered when he learned that he was not the beneficiary, but the complaint does not specify when the wrongful conduct giving rise to this injury was discovered. A reasonable inference is that it occurred some time after March 13, 2000. Plaintiff states by affidavit that defendants did not make available the change of beneficiary documents containing the allegedly forged signature until December 18, 2002, thereby preventing him from discovering defendant's alleged wrongful conduct earlier. [Doc. 11 at 5].

With respect to plaintiff's breach of contract claim, the alleged injury is that defendant defaulted in its obligations under the terms of the annuities. As with plaintiff's other claims, this injury could not have occurred prior to April 10, 1998, when plaintiff's mother passed away, because plaintiff did not have a vested interest in the annuities. *See Bell*, 896 S.W.2d at 562. Defendant argues that defendant's claim would have accrued "on the date of [Mrs. Lohmann's] death . . . the date upon which the individuals . . . became entitled to the proceeds of the annuities." [Doc. 8 at 5]. In a breach of contract action, the claim accrues at the time of the breach or when one party announces its intention not to perform. *See Greene v. THGC, Inc.*, 915 S.W.2d 809, 810 (Tenn. Ct. App. 1995). In the analogous case of a contract for a death benefit, "the limitation period begins on the date that the insurer is notified" of insured's death. *White v. White*, 876 S.W.2d 837, 841 (Tenn. 1994). In the present case, however, there is no evidence about when defendants were notified of Mrs. Lohmann's death, but it is a reasonable inference from the facts to conclude that defendants were notified sometime prior to March 13, 2000, when plaintiff learned that the beneficiary had changed.

Construing the facts in favor of plaintiff, the Court concludes that there is a genuine issue of disputed material fact as to whether plaintiff was reasonably unaware of the alleged injury and its allegedly wrongful or tortious origin until December 18, 2002, which is within the time permitted for filing an action under Tennessee's statute of limitation for property torts and breaches of contract.

B. <u>Pleading the Elements of Breach of Fiduciary Duty</u>

In two footnotes to defendant's memorandum in support of the instant motion [*see* Doc. 8 at 6 nn.5, 6], defendant argues that plaintiff has failed to allege that he had a confidential relationship that was breached by defendant and that plaintiff has standing to bring a breach of fiduciary duty claim on behalf of Mrs. Lohmann's estate. [*See id.*]. A review of the caption of plaintiff's complaint indicates that plaintiff commenced this action in his individual capacity and on behalf of Mrs. Lohmann's estate. [*See* Doc. 1-2 at 1]. Plaintiff also alleges that defendant shared a confidential relationship with Mrs. Lohmann. [*Id.* at 5]. Finally, plaintiff alleges that defendant breached that relationship. [*Id.*]. Thus, the Court is satisfied that plaintiff has sufficiently pleaded the necessary elements for his claim of breach of fiduciary duty on behalf of Mrs. Lohmann's estate.

**IV. Conclusion**

Defendant Allmerica's motion to dismiss [Doc. 7] pursuant to Fed. R. Civ. P. 12(b)(6) is treated as a motion for summary judgment pursuant to Fed. R. Civ. P. 56 because the Court has considered plaintiff's affidavit [Doc. 9 at 5]. Defendant argues that all plaintiff's claims are time-barred and plaintiff's breach of fiduciary duty claim has been insufficiently pleaded. Construing the facts in the light most favorable to plaintiff, the Court concludes that there is a genuine issue of disputed material fact as to whether plaintiff was reasonably unaware of the alleged injury and its wrongful origin until December 18, 2002. The Court is satisfied

that plaintiff has sufficiently pleaded his breach of fiduciary duty claim on behalf of the estate of Mrs. Lohmann. Therefore, defendant's motion will be denied.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan  
UNITED STATES DISTRICT JUDGE