IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

DENNIS G. LOHMANN, Individually, and as )
BENEFICIARY OF THE ESTATE OF )
ANNE P. LOHMANN, DECEASED, )
)
      Plaintiff, )
)
v. ) No.: 3:05-cv-199
) (VARLAN/SHIRLEY)
ALLMERICA FINANCIAL LIFE INSURANCE )
AND ANNUITY COMPANY and )
JJB HILLIARD, WL LYONS, INC., )
)
      Defendants. )

## MEMORANDUM OPINION

This is an action for negligence, fraud, breach of contract and breach of fiduciary duty removed to this Court from the Chancery Court for Knox County on the basis of diversity of citizenship, 28 U.S.C. § 1332. Plaintiff claims that he was denied his interest in two annuities based on alleged forgeries of the beneficiary designations. Because the applicable statutes of limitation with respect to the claims against Allmerica Financial Life Insurance and Annuity Company (Allmerica) bar plaintiff's breach of contract claim but not his tort claims, Allmerica's motion for summary judgment [Doc. 25] will be granted in part and denied in part.[1]

---

[1] This motion also requested the Court to take judicial notice of certain records in related cases previously filed in state court. In an order dated December 20, 2006, a United States Magistrate Judge of this District granted that portion of the motion requesting the Court to take judicial notice.

I.

*Factual Background*

The following factual allegations are considered in the light most favorable to the plaintiff.

On October 10, 1997, and November 14, 1997, Anne P. Lohmann (the decedent) applied for and purchased two Allmerica Select Variable Annuities through the defendant JJB Hilliard, WL Lyons, Inc. *See* Complaint at ¶ 7. Plaintiff Dennis G. Lohmann and his brother, Ronald D. Lohmann, were each one-half beneficiaries on the original applications for annuities. *Id.* at ¶ 8. On March 1, 1998, Allmerica received two Designation of Beneficiary and Election of Annuity Option forms for the annuities from Hilliard/Lyons. The two forms changed the beneficiary designations in the original application of Ronald D. Lohmann and Dennis G. Lohmann solely to Ronald D. Lohmann. *Id.* at ¶¶ 9-10.

The decedent passed away on April 10, 1998. On May 5, 1998, plaintiff's brother, Ronald D. Lohmann, executed a Claimant's Statement and submitted it to Allmerica requesting a lump sum payment of the annuity proceeds. *See id.* at Ex. B.

On May 14, 1998, Allmerica paid the proceeds of the annuities to the designated beneficiary, Ronald D. Lohmann, pursuant to the 1998 Change of Beneficiary forms and the Claimant's Statement. *Id.* at ¶ 14.

On March 10, 2000, Ronald D. Lohmann's attorney, John T. O'Connor, mailed a letter to the plaintiff enclosing a proposed accounting for closing the decedent's estate submitted by Ronald D. Lohmann. The proposed accounting included the following

statement: "There were two annuities that passed outside the will totaling $223,714.83 to Ronald Lohmann." *See* Doc. 38-2 at p.21.

On March 23, 2000, Ronald D. Lohmann filed a "Petition to Close the Estate" of the decedent in his capacity as the personal representative of the decedent's estate. *See* Ex. 3. On May 24, 2000, plaintiff filed his "Response to Petition to Close the Estate," alleging various claims against Ronald D. Lohmann, including claims related to the two annuities. *Id.* In his Response to Petition to Close, plaintiff alleged the following:

> 2. The Estate has not been fully administered because the Personal Representative has failed to account for ... multiple annuities, believed to be valued in excess of $270,000, which the Personal Representative now alleges are owned solely and individually by the Personal Representative. The Personal Representative failed and refused to disclose his claim of ownership of such assets until March 13, 2000, when [the plaintiff] first saw a copy of the Estate's federal tax return and a copy of the personal representative's proposed final accounting ... .

*See id.*

Plaintiff filed an action against his brother, Ronald Lohmann, on May 25, 2000, in the Chancery Court for Knox County, Tennessee. *See* Ex. 4. Plaintiff took a voluntary nonsuit of the May 25, 2000 lawsuit, and subsequently refiled his complaint on May 14, 2001, in the Knox County Chancery Court. *See* Ex. 5. In the complaints in both the May 25, 2000 and May 14, 2001 actions, plaintiff alleged the following:

> 15. Subsequent to her execution of the 1997 [durable power of attorney], for reasons unknown to him, [the plaintiff's] relationship with his mother, Mrs. Lohmann, began to deteriorate, and Mrs. Lohmann removed [the plaintiff] as a beneficiary from all of her investment accounts, including two annuities valued at over $200,000, naming [Ronald D. Lohmann] as sole beneficiary.

3

. . .

> 17. The changes in beneficiary designation of Mrs. Lohmann's annuities and removal of plaintiff as a signatory and survivor on Mrs. Lohmann's joint checking accounts were kept hidden from [the plaintiff] by [Ronald D. Lohmann], who failed and refused to disclose such until March 13, 2000, only days before the Decedent's Estate was set to close. It is presently unknown to plaintiff whether such modifications were effected by the defendant [Ronald D. Lohmann], as attorney in fact for Mrs. Lohmann under the 1997 [durable power of attorney].

*See* Ex. 4 and Ex. 5, at ¶¶ 15, 17. In the cases filed against his brother in 2000 and 2001, plaintiff did not sue either of the defendants in this case or claim that the signatures on the designation of beneficiary forms were forged.

In his affidavit, plaintiff alleges that it was not until December 13, 2002, when he was finally provided with copies of the change of beneficiary forms, that he noticed that his mother's signature appeared to be forged. On May 9, 2003, plaintiff alleges that his handwriting expert concluded that Mrs. Lohmann's signature was forged. *See* Affidavit of Dennis G. Lohmann. Plaintiff then filed the instant case on July 23, 2004.

II.

***Summary Judgment Standards***

Pursuant to Rule 56, summary judgment shall be rendered when requested if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. It is the burden of the party seeking

4

summary judgment to show the court that, under uncontradicted facts, the moving party is entitled to judgment as a matter of law. Summary judgment is intended to provide a quick, inexpensive means of resolving issues as to which there is no dispute regarding the material facts. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). In assessing the validity of a summary judgment motion, the court views the pleadings, depositions, answers to interrogatories, admissions, and competent affidavits in a light most favorable to the opponent of the motion. However, an opponent to a motion for summary judgment may not rest upon the mere allegations or denials of his pleadings, but must set forth through competent and material evidence specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Id.* Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an essential element of that party's case, and on which the party will bear the burden of proof at trial. *Catrett*, 477 U.S. at 322.

III.

*The Applicable Statutes of Limitation*

Because plaintiff's claims arise under Tennessee law, the Court must look to Tennessee's relevant statutes of limitation. In Tennessee, plaintiff's negligence, fraud, and breach of fiduciary duty claims are subject to the three-year statute of limitations for property

5

torts. *See* § 28-3-105. Plaintiff's breach of contract claim is subject to Tennessee's six-year statute of limitations for breaches of contract. *See* T.C.A. § 28-3-109. The limitation periods begin to run when plaintiff's claim accrues. *See* §§ 28-3-105, 28-3-109.

In Tennessee, property torts are subject to the discovery rule. *Damron v. Media General, Inc.*, 3 S.W.3d 510, 512 (Tenn. Ct. App. 1999). According to the discovery rule, the limitation period does not begin to run until plaintiff discovers, or in the exercise of reasonable care and diligence should have discovered, his injury and cause thereof. *City State Bank v. Dean Witter Reynolds, Inc.*, 29 S.W.2d 729, 735 (Tenn. Ct. App. 1996). Stated differently, the limitation period is tolled only during that period of time when plaintiff had no actual knowledge of the alleged wrong and, as a reasonable person, was not placed on inquiry notice. *Id.*

To determine when the limitation period begins to run under the discovery rule requires a determination as to when the plaintiff had sufficient knowledge that he had sustained an injury. *See McIntosh v. Blanton*, 164 S.W.3d 584, 586 (Tenn. Ct. App. 2004). The inquiry does not require that the plaintiff have knowledge that a breach of the appropriate legal standard has occurred. *Id.* Instead, the limitation period begins to run when the plaintiff is aware of facts sufficient to put a reasonable person on notice that he has suffered an injury as a result of wrongful conduct, and the plaintiff knows the identity of the person who engaged in the conduct. *See id.* The knowledge prong of the discovery rule is met whenever the plaintiff becomes aware or reasonably should have become aware of facts sufficient to put a reasonable person on notice that an injury has been sustained as a result

of the defendant's negligence or wrongful conduct. *John Kohl & Co., PC, v. Dearborn & Ewing*, 977 S.W.2d 528, 532-33 (Tenn. 1988).

Defendant contends that plaintiff's tort claims accrued at the latest on March 13, 2000, when he received the accounting from Ronald Lohmann's attorney that disclosed that "[t]here were two annuities that passed outside the will totaling $223,714.83 to Ronald Lohmann." *See* Ex. 7 at p.3. The Court finds that a question of material fact remains with respect to when plaintiff's tort causes of action accrued with respect to the defendants in this case. Clearly, plaintiff knew in 2000 that he might have a cause of action against his brother, and he filed complaints in 2000 and 2001 against his brother alleging that his mother removed him as a beneficiary on the annuities as a result of his brother's undue influence and dominance. Plaintiff claims that in 2000 and 2001, he had no reason to believe that defendant Allmerica had acted wrongfully in accepting change of beneficiary forms or in paying the proceeds of the annuities to Ronald Lohmann. The Court finds that a reasonable jury could conclude that the plaintiff would not reasonably have been aware of his potential tort claims against the defendants in this case until December 18, 2002, when he finally had the opportunity to inspect the change of beneficiary forms. Accordingly, the Court concludes that plaintiff's tort claims are not barred by the applicable statutes of limitation.

With respect to plaintiff's breach of contract claim, the same discovery rules are not applicable. Tennessee law provides that the statute of limitations for breach of contract commences to run as of the date of the breach or when one party announces its intention not to perform. *Green v. THGC, Inc.*, 915 S.W.2d 809, 810 (Tenn. Ct. App. 1995). The statute

of limitations for breach of contract is the six-year statute of limitations found at T.C.A. § 28-3-109(a)(3). In this case, that statute would have commenced running at the latest on May 14, 1998, the date on which Allmerica paid the annuity proceeds to Ronald Lohmann. Accordingly, plaintiff's breach of contract claim is barred by the applicable statute of limitations.

IV.

*Conclusion*

In light of the foregoing, defendant Allmerica's motion for summary judgment will be granted in part and denied in part. With respect to plaintiff's breach of contract claim, the motion will be granted. In all other respects, the motion will be denied.

Order accordingly.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE